UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

Charles L. Blankenship, M.D.
7002 Shadow Brook
Texarkana, TX 75503

Plaintiff,

v.

The Honorable Ray Mabus
Secretary of the Navy
1000 Navy Pentagon, Rm 4D652
Washington, D.C. 20530-1000

Defendant.

Also Serve:
The United States Attorney
For the District of Columbia
555 Fourth Street, NW
Washington, D.C. 20530

The Attorney General of
The United States
10th & Constitution Ave., N.W.
Washington, D.C. 20530

Civil Docket No:________ (        )

COMPLAINT

This is a complaint for declaratory judgment to declare the decision of the Board for Correction of Naval Records (BCNR) denying relief to Plaintiff to have been in error.

## JURISDICTION

1. Jurisdiction in this matter is conveyed by 28 U.S.C. § 1331 and by the Administrative Procedure Act, 5 U.S.C. § 702 et seq.

## VENUE

2. Venue is proper as the Defendant is found in this District.

## PARTIES

3. Charles L. Blankenship, M.D. is a former active duty United States Navy Captain.

4. Defendant, The Honorable Ray Mabus, in his official capacity is the Secretary of the Navy.

## FACTS

5. In July 1996 Plaintiff retired from the United States Navy in the rank of Captain.

6. At the time of retirement Plaintiff was married. He elected the Survivor Benefit Plan (SBP), a self funded government insurance plan for dependants upon the death of the insured, which is available to the servicemember upon retirement.

7. The plan Plaintiff elected was coverage at a reduced amount.

8. Upon retirement Plaintiff received retired pay, from which was deducted payment for the SBP.

9. Fourteen months later in September 1997 Plaintiff was recalled to active duty. He served fourteen additional years on active duty to 2011 and retired for a second time on October 1, 2011.

10. Upon returning to retired status, Plaintiff requested to reinitiate SBP this time to maximum coverage rather than the reduced amount associated with his prior retirement.

11. The request to go to maximum coverage was denied because the request was not made in an "open season," a period of time when adjustments to SBP were permitted.

12. In November 2011 Plaintiff made Application to the BCNR asking that his record be corrected to reflect that he had elected maximum coverage for Plaintiff's spouse under SBP.

13. On December 4, 2012, relief was denied.

14. On May 23, 2013, Plaintiff filed a request for reconsideration.

15. On December 10, 2013, The Navy provided an advisory opinion to the BCNR which addressed Plaintiff's request for reconsideration. The advisory opinion was provided to Plaintiff on December 11, 2013.

16. On March 11, 2014, the request for reconsideration was denied.

17. From the initial filing of Plaintiff's application to the BCNR in November 2011 to October 23, 2012 Plaintiff and the BCNR engaged in multiple exchanges in the nature of negotiations regarding resolution.

18. Ultimately on October 23, 2012 Plaintiff requested correction of his record to show that he elected maximum coverage during an open season and in addition Plaintiff requested a waiver of any SBP buy-in costs and back-dated premiums for maximum coverage.

19. Plaintiff told the BCNR that if such waiver were not possible, Plaintiff was unwilling to pay any buy-in cost or back-dated premiums.

20. Instead Plaintiff told the BCNR he would only pay maximum coverage premiums from July 1996 when he first retired until August 1997, when he returned to active duty, and from September 30, 2011, the date of his second retirement forward.

21. Plaintiff's position was spawned by the BCNR's letter of August 1, 2012, which told Plaintiff that the BCNR was not responsible for calculating the costs of any change in his SBP status. Rather the BCNR told Plaintiff that the Defense Finance and Accounting Service (DFAS) would be the final arbiter of what he would have to pay.

22. In June 2012 the BCNR with the assistance of DFAS did inform Plaintiff that the amount of buy-in and back-payments for maximum coverage would be approximately $52,000.

23. The December 4, 2012, denial of relief from the ABCMR provided the following reasons for the denial.

    a. "[A]lthough your record could be corrected to show you increased your base amount in SBP from reduced to maximum coverage in 2005 [open season], you would be required to pay the lump sum buy-in and back-dated premiums."

    b. "Under these circumstances, the Board [BCNR] believed that since you were not willing to pay the buy-in and back-dated premiums, they (sic) found insufficient evidence of an error or injustice that would warrant relief."

25. This denial was grounded in the December 10, 2013 advisory opinion provided by the Navy as noted in paragraph 11. above.

26. The request for reconsideration dated May 23, 2013, inter alia, noted that 10 U.S.C. § 1042 (d) provides at subsection (2) that SBP payments are not required while serving on active duty.

27. The BCNR failed to address the application of 10 U.S.C. § 1042 (d)(2) to Plaintiff's request for relief in both the initial denial of relief on December 4, 2013, and the denial of reconsideration on March 11, 2014.

28. Instead the BCNR acted as a gatekeeper requiring Plaintiff to agree to pay some estimated amount before ruling on issues clearly raised by Plaintiff.

29. The Navy advisory opinion of December 10, 2013, upon which the BCNR relied, specifically said:

    a. "Regardless of what the statute (10 U.S.C. § 1042 (d)) says, or whether it applied to open season elections, application of the statute was never required, because CAPT Blankenship stated that he was unwilling to pay any buy-in or premiums if his record were corrected."

    b. "An equitable argument existed that CAPT Blankenship's record should be corrected to show that he changed his election during an open season due to the fact that he may have been unaware of the open seasons while he was on active duty."

    c. "However, CAPT Blankenship's unwillingness to pay the requisite buy-in and premium costs eliminated such a correction as a viable option."

## CLAIM FOR RELIEF

30. Defendant and Defendant's agents acted arbitrarily and capriciously, abused their discretion and acted contrary to law and regulation in the following particulars:

    a. Defendant acted arbitrarily and capriciously by denying an examination of the application of 10 U.S.C. § 1042 (d)(2) to Plaintiff's case based on Plaintiff's assertion that he would not pay sums which may or may not have been due based upon an interpretation of that very statute.

    b. Defendant arbitrarily and capriciously concluded that no relief was available based on equitable principals by denying an examination of these equitable principals in conjunction with an interpretation of 10 U.S.C. 1042 (d)(2) because Plaintiff would not pay sums which may or may not have been due based upon an interpretation of 10 U.S.C. 1042 (d)(2).

    c. Defendant acted arbitrarily and capriciously by acting without authority as a "gate keeper" requiring Plaintiff to agree to a potentially meaningless condition, the payment of an estimated sum of money, prior to examining Plaintiff's application for relief.

## RELIEF REQUESTED

31. WHEREFORE, Plaintiff requests that this Honorable court:

    a. Declare that Defendant acted arbitrarily and capriciously by failing to rule upon Plaintiff's substantive requests for relief, to include an interpretation of the applicability of 10 U.S.C. § 1402 (d)(2) to Plaintiff's case.

b. Order the matter remanded to the BCNR for reconsideration consistent with the Court's opinion.

c. Grant such other relief as the Court deems appropriate in this case.

Respectfully submitted,

Gary Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH 03281
Ph: 800-355-1095
Email: myers@mclaw.us
Fax: 603-746-2038